# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2001 C 50413 | **DATE** | JAN 3 2002 |
| **CASE TITLE** | James Peevy (#A91444) v. Dr. LaMere, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for leave to proceed in forma pauperis [3-1] is denied. Plaintiff is given credit for a $10.00 unsolicited payment, and is given thirty days from the date of this order to pay the $140.00 balance of the filing fee. If plaintiff does not pay, this suit will be dismissed without prejudice but plaintiff will still owe the filing fee.

(11) ☑ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 03 2002 date docketed | |
| | Notified counsel by telephone. | | 10 |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | JAN 03 2002 date mailed notice | |
| KS courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff James Peevy filed this pro se complaint under 42 U.S.C. § 1983 and sought leave to proceed without prepayment of the $150.00 filing fee. Because Peevy filed the complaint while imprisoned, the Prison Litigation Reform Act requires him to pay the full filing fee. 28 U.S.C. § 1915(b). If a prisoner is unable to prepay the filing fee, he must submit certified statements showing all transactions in his institutional trust fund accounts from all institutions in which he has been incarcerated for the six months preceding the date the complaint was filed, in this case, November 9, 2001. Peevy had attached to his application for leave to proceed without prepayment a trust fund statement from Big Muddy River Correctional Center showing that he had $148.17 in available funds, but the statement showed that he had only been at Big Muddy since August 31. In an order dated November 27, 2001, Peevy was given thirty days to file certified statements from the institutions in which he had previously been incarcerated during the six months preceding November 9, 2001.

Peevy has furnished a statement dated April 12, 2001, from Dixon Correctional Center. This is useless, as it predates the six-month period. He has submitted a statement dated May 29, 2001, from Western Illinois Correctional Center, shortly after his transfer from Dixon, which falls within the six-month period. According to that statement, Peevy had $4,529.48 in available funds as of May 29, 2001.

These statements do not satisfy the court's order, as they do not account for the period between May 29, 2001, and August 31, 2001, when Peevy arrived at Big Muddy Correctional Center with $524.11. In that period Peevy disposed of roughly $4,000, and he has not explained where it went. The court also notes that on October 4, 2001, Peevy received a $500.00 money order from the "1st Federal Bank." This directly contradicts Peevy's statement on his application to proceed without prepayment, made under penalty of perjury and dated October 12, 2001, that he had received no money from any source during the preceding twelve months.

Peevy's motion for leave to proceed without prepayment is denied for three reasons. Peevy has not complied with the court's order, the motion appears to have been brought in bad faith, and it appears that Peevy has funds available to him to pay the filing fee. Peevy is given credit for an unsolicited $10.00 payment and must pay the balance of $140.00 within thirty days of this order. Failure to pay will result in dismissal without prejudice.